IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     *Plaintiff*,<br><br>    v.<br><br>DESHUAN CURTIS JONES,<br><br>                     *Defendant*. | Criminal No. 2:21-cr-17<br><br>Hon. William S. Stickman, IV |

## MEMORANDUM OPINION

WILLIAM S. STICKMAN IV, United States District Judge

Defendant Deshaun Curtis Jones ("Jones") filed a Petition to Revoke Order of Detention. (ECF No. 32). On January 26, 2021, United States Magistrate Judge Lisa Pupo Lenihan ordered Jones detained pending trial. (ECF No. 14). The Court has undertaken a *de novo* review of the transcript from the January 26, 2021 detention hearing before Magistrate Judge Lenihan, the parties' pleadings and arguments, and the entire record. After careful consideration, the Court denies Jones's motion.

## PROCEDURAL HISTORY

On January 27, 2021, Jones was charged by Indictment with the following offenses that occurred on or about January 20, 2021: Count One - Possession with Intent to Distribute a quantity of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C); Count Two – Possession of Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A)(i)); and, Count Three – Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 15).

1

A detention hearing occurred on January 26, 2021, before Magistrate Judge Lenihan. (ECF Nos. 12 and 14). She found that a rebuttable presumption arose under 18 U.S.C. § 3142(e)(3) and that Jones had not introduced sufficient evidence to rebut the presumption. Magistrate Judge Lenihan concluded that clear and convincing evidence existed that no condition or combination of conditions would reasonably ensure the safety of the community if Jones was released, and a preponderance of the evidence existed that no condition or combination of conditions of release would reasonably assure Jones's appearance as required. (ECF No. 14).

On July 14, 2021, Jones filed a Petition to Revoke Order of Detention. (ECF No. 32). Therein, he requests that the Court reconsider the January 26, 2021 Order of Detention as he believes Magistrate Judge Lenihan's decision to detain him was "erroneous." (ECF No. 33). Furthermore, he argues that his physical condition warrants release. Jones has represented that he experiences lower back pain that radiates into his left leg. X-rays have shown arthritis, but Jones is awaiting the results of an MRI taken at Butler Memorial Hospital. According to Jones, personnel at the Butler County Jail will only administer muscle relaxers (not pain medication), and he "can't sit" and "can't sleep." (ECF No. 33, p. 5). Added to this, Jones contends that ongoing confinement places him at risk "from the ongoing spread and effects of COVID-19."[1] (ECF No. 33).

---

[1] Federal courts have been inundated with requests from defendants seeking release from detention due to the risks presented by COVID-19. Case law is firm that the generalized risk of COVID-19 is not a sufficient reason itself to justify release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). The Court remains convinced that the Butler County Jail has continued to take adequate precautions to mitigate, minimize, and further prevent the spread of COVID-19. Jones has not identified to the satisfaction of the Court any specific shortcomings in the Butler County Jail's COVID-19 response and mitigation efforts.

The Government filed a response in opposition arguing that there is no evidence that would undermine Magistrate Judge Lenihan's decision to detain Jones. Not only does the Government argue that Jones has not rebutted the presumption of detention under 18 U.S.C. § 3142(e)(3)(B), but it submits that it has established, by clear and convincing evidence, that no condition or combination of conditions would reasonably ensure the safety of the community if Jones is released, and it established by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Jones's appearance as required. (ECF No. 35).

## STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3142(f), a detention hearing may be reopened:

> . . . before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f). The Court exercises *de novo* review over the detention order entered by a magistrate judge. *United States v. Delker*, 757 F.2d 1390, 1394-95 (3d Cir. 1985).

The Bail Reform Act generally requires release of a defendant prior to trial unless a judicial officer determines, that "no condition or combination of conditions will reasonably assure the appearance of the person ... and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e)(1). However, in this case, a rebuttable presumption exists under 18 U.S.C. § 3142(e)(3)(A) and (e)(3)(B) that no condition or combination of conditions will reasonably assure the appearance of Jones as required and reasonably assure the safety of the community from the commission of further crimes by Jones given the grand jury's return of an Indictment charging him with (A) violations of the Controlled Substances Act, 21 U.S.C. § 801, *et. seq.*, for

which the maximum possible sentence is life imprisonment and, therefore, exceeds a term of incarceration of not more than 10 years; and (B) a violation of 18 U.S.C. § 924(c). By virtue of the grand jury's return of an Indictment, probable cause exists that Jones committed these offenses. *See United States v. Suppa*, 799 F.2d 115, 119 (3d Cir. 1986).

To rebut this presumption, Jones must produce credible evidence that he will appear and that he does not present a threat to the community. *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986).[2] The burden then shifts back to the Government to demonstrate by clear and convincing evidence that Jones is a danger to the community and by a preponderance of the evidence that Jones will not appear. *See United States v. Perry*, 788 F.2d 100, 115 (3rd Cir. 1986) ("The clear and convincing standard does not even operate until the defendant has come forward with some evidence of lack of dangerousness.").

In making its determination of whether there are conditions or a combination of conditions of release that will reasonably assure that Jones appears and ensure the safety of the community, the Court must weigh the evidence in light of the four factors set forth in 18 U.S.C. § 3142(g). The four factors are: (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of Jones; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Jones's release. 18 U.S.C. § 3142(g).

## ANALYSIS

Magistrate Judge Lenihan found that Jones failed to rebut the presumption of detention that arose under 18 U.S.C. § 3142(e)(3)(A) and (e)(3)(B). After considering the factors set forth

---

[2] Even if Jones is able to satisfy his initial burden of production to rebut the presumption against release, it does not completely eliminate the presumption favoring detention from further consideration; rather, it remains a factor to be considered among those weighed by the Court.

in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, she found by clear and convincing evidence that no condition or combination of conditions of release would reasonably assure the safety of any other person and the community, and by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Jones's appearance as required. (ECF No. 14, p. 2). Magistrate Judge Lenihan's reasons for detention included the following: Jones is subject to a lengthy period of incarceration if convicted; his prior criminal history; his participation in criminal activity while on probation, parole, or supervision; a history of violence or use of weapons; a history of alcohol or substance abuse; a lack of stable employment; and, his prior violations of probation, parole, or supervised release. (ECF No. 14). On-the-record, she provided the following extensive explanation of her decision:

> So first, the nature and circumstances of this offense. It is, as counsel for the government has pointed out, a very serious series of three offenses; possession with intent to distribute a controlled substance, that being over 1,000 stamp bags of heroin, possession of a firearm by a convicted felon, and possession of a firearm in furtherance of a drug trafficking crime. Each of those is a very serious charge and particularly so given that, Mr. Jones, you have two prior felony drug dealing convictions and one prior firearm conviction. So I would say that that factor weighs against the defendant.
> The second factor is the weight of the evidence. I understand that Mr. Carey will have some arguments to present regarding the traffic stop. However, taking that into account, I still think that the weight of the evidence is at least moderate. Mr. Jones was found in a car with an excessive amount of controlled substances, a scale, and $991 in cash for a person who hasn't had any income for quite some time. In addition, although the gun was in the glove box, as a convicted felon, he should have not been in a situation where there is a gun present.
> The third factor is the history and characteristics. So here, I look at family ties, employment, past criminal record, history of drug or alcohol abuse. The defendant does have ties to the community. He has a father with whom he was apparently living at the time of this arrest. However, the rest of the record here, Mr. Jones, is not very helpful. I'm seeing daily use of heroin. So there is that issue.
> I am also seeing this prior felony of firearm not to be carried without a license back in 2009, six offenses that were charged while you were either on

bond or some type of supervision, including one possession with intent to deliver a controlled substance in 2015 while on bond. And there was a 2014 charge of possession with intent to deliver a controlled substance.

So I'm seeing a history here for you of the same kind of activity that you just continue to do over and over again. A couple of – at least one bench warrant issued. And, you know, my problem is, can I impose conditions on you that would ensure the safety of the community.

And what I have is six different times where you were charged with violating a state law while you were on bond or parole. One of which of those was doing exactly what you're charged with here, possession with intent to deliver a controlled substance.

I also have a recommendation here by Pretrial Services in favor of detention, and I note that you are facing a lengthy sentence if convicted. And then finally, the gun that was found in the car was reported stolen.

Taking all of those factors into account and even taking into account the COVID situation, I just don't see that any conditions can be imposed that would ensure either your appearance at court or the safety of the community. And so I am going to grant the government's request for detention on the basis of both flight risk, as well as danger.

(ECF No. 35-1, pp. 19-21).

The Court has the discretion to make its determination on Jones's motion after reviewing the record developed before Magistrate Judge Lenihan or to accept additional evidence from the parties and rule on an expanded record. *See* 18 U.S.C. § 3142(f)(2)(B). The Court can reach its decision on Jones's motion without a hearing. The only "new" evidence Jones has proffered in support of his release is that of his medical condition and a job prospect upon release. While the Government has set forth evidence it intends to offer if the Court were inclined to reopen the record (*see* ECF No. 35, pp. 3-5, ECF Nos. 35-3 through 35-8 (Government Exhibits 3 through 8)), the Court declines to consider that evidence as it is unnecessary to its resolution of Jones's motion. Therefore, the Court deems Jones's Objection (ECF No. 36) to Government Exhibits 3 through 7 moot.

Jones has failed to proffer sufficient evidence to rebut the initial presumption against pretrial release. Jones states that he would reside with his father upon release, and he "intends to

work for Pryor Traffic Control based in the North Side as a flagger." (ECF No. 33, p. 4). Notably, Jones's criminal history and the instant crimes he committed all occurred while he was residing with his father, whom he has lived with since 2004. The mere fact that a relative is willing to serve as a third-party custodian is not enough to justify release but is among the factors to be considered. The Court appreciates the help that Jones's family is willing to provide and does not doubt their sincerity. However, this living arrangement would amount only to reinstating Jones to the *status quo ante*, the very situation which existed at the time of the underlying acts—a situation where Jones was living with his father and working at his own music promotion company while under state court supervision. In that situation, Jones managed to commit the very serious offenses charged herein. The Court finds little reason to accept Jones's contention that his behavior going forward would be different. *See e.g. United States v. Boyd*, 29 F.Supp. 3d 658, 661-62 (E.D.N.C. 2014) (Mother's willingness to serve as a third-party custodian not sufficient to rebut presumption against release, doing so would merely return the defendant to the *status quo*). The Court simply does not find that the "new" evidence proffered by Jones is sufficient to meet his burden, however low, of rebutting the presumption in favor of detention as to both Counts One and Two of the Indictment.

Even if Jones had rebutted the presumption, the Government established by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if Jones were to be released and it also established by a preponderance of the evidence that no condition or combination of conditions of release would reasonably assure Jones's appearance as required. The factors to be considered under the Bail Reform Act overwhelmingly weigh in favor of detention.

Cognizant of the fact that Jones retains his presumption of innocence, the Court must nonetheless examine the nature and circumstances of the offenses charged and the weight of the evidence. As to the nature and circumstances of the offenses charged, they are very serious and carry with them substantial penalties. (ECF No. 16). Jones is charged with three offenses, all of which involve controlled substances and/or firearms. The Government has represented that Jones is a Career Offender, and if convicted as charged, his advisory sentencing guidelines will be 360 months to life incarceration. As to the weight of the evidence against Jones, it is strong. Jones was found driving a vehicle with an excessive amount of controlled substances – over 1,000 stamp bags of heroin - as well as a scale. Jones had $991 in cash and two cell phones on his person. A stolen semiautomatic pistol with an extended magazine was recovered in the glove box. Jones, who is a convicted felon, admitted to law enforcement officers that everything is the vehicle was his. (ECF No. 4, ¶¶ 11-17). Thus, as to the nature and circumstances of the offenses charged and the weight of the evidence, these factors favor pretrial detention.

The Court must next consider Jones's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings" under § 3142(g)(3)(A). Much of Jones's history and characteristics remain the same since the detention hearing before Magistrate Judge Lenihan except that he has developed some medical issues (i.e, lower back pain due to being shot in 2014) while imprisoned in the Butler County Jail and he has the prospect of employment if released. (ECF No. 33, p. 5).

The Court is mindful of the fact that the 30-year-old Jones has strong ties to Pittsburgh, the support of his father, and possible employment. He has one child who resides with its

mother in New York state. As set forth in the Pretrial Services Report, Jones, who never graduated high school and did not obtain his GED, has a documented employment history dating back to 2018. He began his own business in 2019, which initially promoted live concerts and then transitioned to selling music merchandise. (ECF No. 33, p. 5). While these are all positive factors, the rest of Jones's history and characteristics weight against release.

First, Jones has an extensive history of substance abuse, including daily use of heroin, and he has never participated in substance abuse treatment. Second, Jones was under court supervision when he committed the very serious offenses at issue here. The Court notes that he committed the alleged drug trafficking and firearm offenses charged here while on bond for another drug trafficking offense. Third, Jones was arrested six times while on either pretrial bond or post-conviction supervision. Fourth, the Court has reviewed Jones's criminal history, and it is replete with drug trafficking offenses and illegal possession of firearms. The Court accepts the Government's representation that, if convicted, Jones will be classified as a Career Offender.

Thus, after considering all of Jones's history and characteristics, the Court finds that this factor weighs strongly in favor of detention.

The last factor for consideration by the Court involves Jones's risk of non-appearance and the seriousness of potential harm to any persons or the community. 18 U.S.C. § 3142(g). Based on the Court's review of the record, it is gravely concerned that Jones will not appear at future Court proceedings. Weighing into the Court's concern is Jones's documented history of poor performance while under state court supervision, and the fact that his sentencing exposure, if convicted of the charged offenses, could be more than 360 months incarceration. Jones's counsel conceded during the detention hearing before Magistrate Judge Lenihan, "there are some

warrants for failures to appear," for Jones's prior court proceedings. (ECF No. 35-1, pp. 13-14). Consequently, the Court finds that a preponderance of the evidence exists that no condition or combination of conditions of release would reasonably assure Jones's appearance as required.

Additionally, the nature and seriousness of the danger posed by Jones to the community is substantial. Jones has a documented history of breaking the law while under court supervision. Added to this, there is no doubt that drug trafficking and the unauthorized possession of firearms pose a substantial harm to the community. *United States v. Strong*, 775 F.2d 504, 507 (3d Cir. 1985) (statutory language unequivocally establishes that Congress intended to equate traffic in drugs with a danger to the community). Ultimately, the Court must predict pretrial recidivism if Jones was released pending trial. The danger to the community is the likelihood that Jones will, if released, illegally obtain firearms and traffic illicit drugs. Strict conditions of release, including home confinement and electronic monitoring, cannot guarantee that Jones will no longer engage in criminal activity. Jones's "new" evidence has failed to assuage the Court's concern about him imperiling the community, particularly considering his history of violating terms of supervision and trafficking illegal substances while under court supervision. Consequently, the last factor weighs strongly in favor of detention.

## CONCLUSION

The Court concludes that Jones has not met his burden to rebut the applicable presumption of detention. Furthermore, the Court's probing examination of the record and the "new" evidence proffered by Jones leads it to conclude that the Government established by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community if Jones is released, and it established by a preponderance of the

evidence that no condition or combination of conditions of release would reasonably assure Jones's appearance as required. Continued pretrial detention remains warranted.

BY THE COURT:

*/s/ William S. Stickman IV*
WILLIAM S. STICKMAN, IV
UNITED STATES DISTRICT JUDGE

7-27-21
Date